Melissa DETSEL, an Infant, by her mother and next friend Mary Jo DETSEL, Plaintiffs-Appellants,

v.

BOARD OF EDUCATION OF the AUBURN ENLARGED CITY SCHOOL DISTRICT, et al., Defendants-Appellees.

No. 1262, Docket 86–7619.

United States Court of Appeals, Second Circuit.

Argued June 11, 1987.
Decided June 12, 1987.

Ann Crawford, New York City (Skadden, Arps, Slate, Meagher & Flom, Herbert Semmel, New York Lawyers for the Public Interest, New York City, Legal Services of Central New York, Syracuse, N.Y., on the brief), for plaintiffs-appellants.

Edward C. Hooks, Ithaca, N.Y. (James Charles Holahan, Treman & Clynes, Harris, Beach, Wilcox, Rubin and Levey, Ithaca, N.Y., on the brief), for defendants-appellees Bd. of Educ. of the Auburn Enlarged City School Dist. and Peter Kachris.

Seth Rockmuller, Albany, N.Y. (James H. Whitney, Albany, N.Y., on the brief), for defendant-appellee Com'r of Educ.

Norman H. Gross, Albany, N.Y., filed a brief for New York State School Boards Ass'n as amicus curiae on behalf of defendants-appellees.

Before VAN GRAAFEILAND, KEARSE and MAHONEY, Circuit Judges.

PER CURIAM:

Plaintiff Melissa Detsel, a severely handicapped child, suing by her mother and next friend Mary Jo Detsel, appeals from a final judgment of the United States District Court for the Northern District of New York, Neal P. McCurn, *Judge,* dismissing her complaint seeking to compel defendants Board of Education of the Auburn Enlarged City School District, *et al.,* to provide her with nursing services pursuant to the Education of All Handicapped Children Act, 20 U.S.C. § 1401 *et seq.* (1982). We conclude that the complaint was properly dismissed for the reasons stated in the opinion of the district court, reported at 637 F.Supp. 1022 (1986).

We are unpersuaded by plaintiffs' argument that the district court gave insufficient deference to the decision in *Department of Education v. Katherine D.,* 727 F.2d 809 (9th Cir.1983), *aff'g in relevant part,* 531 F.Supp. 517 (D.Haw.1982), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2360, 86 L.Ed.2d 260 (1985), which ordered a school board to provide nursing services. Plaintiffs acknowledge that Melissa needs a full-time person trained to monitor her respiratory status "constantly" and to assist her with her physical needs while she attends school, and that the service must be provided by "at least a licensed practical nurse" and "cannot be adequately provided by a regular school nurse who must care for other children." (Plaintiff's Statement of Facts Pursuant to Northern District Rule 10). In contrast, the opinions of the Ninth Circuit and the Hawaii district court make plain that Katherine D. needed care that was intermittent, not constant, *see* 531 F.Supp. at 520, and which did not require as much expertise, *see* 727 F.2d at 815 n. 6 ("It is indisputable that even a lay person could have been trained to provide the services Katherine required.").

We conclude that, in all the circumstances, the district court gave proper effect to the statutory scheme in balancing the interests of the parties. The judgment of the district court is affirmed.